UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RALPH TIBBITS and
SHARON TIBBITS,

                    Plaintiffs,

v.                                      Civil Action No. _____

WINSLOW LAW GROUP, PLLC.,

                      Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Ralph Tibbits, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff, Sharon Tibbits, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant, Winslow Law Group, PLLC.., (hereinafter "WLG") is a foreign professional limited liability company organized and existing under the laws of the State of Washington and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

10. That Plaintiff Ralph Tibbits allegedly incurred a credit card debt to HSBC Bank. This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Plaintiff thereafter allegedly defaulted on the subject debt.

13. That Defendant allegedly acquired the subject debt after the Plaintiff's alleged default.

14. That on or about January 16, 2022, Defendant began calling Plaintiffs' son in regard to the subject debt.

15. That on or about January 2022, Plaintiffs' son advised the Defendant that he was not the Plaintiff and to stop calling him.

16. That thereafter the aforementioned conversation, the Plaintiffs' son advised the Defendant that he was not Plaintiff on multiple occasions.

17. Despite advising the Defendant to cease communication multiple times and that the number the Defendant was calling was not a good contact number for the Plaintiff, Defendant continued to call Plaintiffs' son.

18. That during the aforementioned conversations, Defendant disclosed the existence of the alleged subject debt to Plaintiffs' son.

19. That on or about January 19, 2022, Plaintiff Sharon Tibbits called Defendant to find out why they were contacting her son. Defendant's representative told Mrs. Tibbits that he was an attorney and that Defendant will garnish Plaintiff's Social Security check if payment was not made to the Defendant. Defendant then told her that she had one hour to make a decision and hung up on her.

20. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

21. These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of those laws cited herein.

22. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

23. Defendant's collection efforts with respect to this alleged debt from Plaintiffs caused Plaintiffs to suffer concrete and particularized harm because the FDCPA provides Plaintiffs with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

24. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiffs' ability to intelligently respond to Defendant's collection efforts.

25. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

26. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above.

27. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

    A. Defendant violated §1692c(b) by calling Plaintiffs' son for reasons other than calling to confirm or correct location information.

    B. Defendant violated 15 U.S.C. §1692b(2) by calling Plaintiffs' son and disclosing the existence of the alleged subject debt.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f, and 15 U.S.C. §1692f(1) by making false threats of legal action stating to Plaintiffs that they were speaking to an attorney and that the Plaintiffs had one hour to make decision to pay the alleged subject debt or else Defendant would take legal action and garnish Plaintiffs' social security.

    D. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f, and 15 U.S.C. §1692f(1) by misrepresenting itself as an attorney and/or law office.

    E. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692e, and 15 U.S.C. §1692f by threatening to continuing to contact Plaintiffs' son in an attempt to collect the alleged subject debt despite knowing he did not owe the alleged subject debt and that the number was not a good contact number for the alleged creditor.

28. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated  February 24, 2022

    /s/ Seth J. Andrews_____
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com